## Case No. 15,286.

UNITED STATES v. HALLORAN et al.

[14 Blatchf. 1; [1] 22 Int. Rev. Rec. 321; 14 Alb. Law J. 279; 11 Am. Law Rev. 379; 24 Pittsb. Leg. J. 39.]

Circuit Court, S. D. New York. Oct. 3, 1876.

INTERNAL REVENUE — DISTILLERY — MEASURE OF TAXATION—ASSESSMENT—ACTION UPON BOND.

1. Under the 20th section of the act of July 20th, 1868 (15 Stat. 133), the producing capacity of a distillery, and not the amount of spirits produced, is made the measure of taxation.

2. An assessment by an officer is not a condition precedent to a collection of taxes, when the statute prescribes the amount to be paid; and such amount can be recovered in an action of debt.

[Cited in Folsom v. U. S., 21 Fed. 37; U. S. v. Bristow, 20 Fed. 379.]

3. In an action upon a distiller's bond, an erroneous assessment, which did not include the amount actually due, as prescribed by the statute, is not conclusive against the government.

At law.

Roger M. Sherman, Asst. Dist. Atty., for the United States.

Robertson & Close, for defendant Devlin.

SHIPMAN, District Judge. This action was tried by the court upon an agreed statement of facts which is made a part of the record. It is only necessary to give briefly the conclusions of law which I think are applicable to the case. The producing capacity of the distillery of [John] Halloran was duly and truly fixed, by a survey, made in accordance with the provisions of the 10th section of the act imposing taxes on distilled spirits, approved July 20th, 1868 (15 Stat. 129), at 1,530 gallons of spirits per diem, eighty per centum thereof being 1,224 gallons. The government claims to recover of the defendants as follows: A tax of fifty cents per gallon upon 12,240 gallons, the same being 80 per cent. of the admitted producing capacity of said distillery for the ten days during which the distillery was operated in March, 1869, amounting to $6,120; also upon the barrel tax on said quantity of spirits, at 40 gallons per barrel, being 306 barrels, at $4, amounting to $1,225; the per diem tax, which it is admitted amounts to $780; the per diem tax upon the days during which the distillery was admitted to have been suspended $28,—total $8,153. Said Halloran actually manufactured, during said period, 11,1345⁰/₁₀₀ gallons of spirits, and no more, which was ascertained and determined by the assessor to be the entire amount which the distiller manufactured, and upon this amount he paid, at the rate of fifty cents per gallon $5,567.20; the amount of barrel tax and per diem tax collected by distraint was $1,496; the amount paid upon barrel tax by Halloran, was $100,

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

—amount paid $7,163.20. Balance of taxes claimed to be due $989.80.

1. The 20th section of the act of July 20th, 1868 (15 Stat. 133), made the producing capacity, under the above recited facts, and not the amount produced, the measure of taxation. "At all events, the distiller was made taxable for a production of spirits not less than 80 per cent. of the producing capacity of his distillery, as determined by the survey, whether that quantity was actually produced by him or not, or whether he used a bushel of grain or not. Eighty per cent. of the estimated, (not the actual,) capacity of the distillery was the smallest amount for which he was made taxable. If he actually produced more, or if the quantity of grain or other materials used for distillation, as ascertained by the assessor, showed a larger production, he was made taxable to the full extent of that production thus shown." The Collector v. Beggs, 17 Wall [84 U. S.] 182; Pahlman v. The Collector, 20 Wall. [87 U. S.] 189.

2. An assessment by an officer is not a condition precedent to the collection of taxes, when the statute prescribes the amount to be paid, and this amount can be recovered in an action of debt. "An assessment is only determining the value of the thing taxed, and the amount of the tax required of each individual. It may be made by designated officers or by the law itself." Dollar Sav. Bank v. U. S., 19 Wall. [86 U. S.] 227. The 20th section of the act of July 20th, 1868, indeed, requires that the assessor shall determine whether the distiller has accounted, in his return, for the product of the materials which he used, and a rule is prescribed by which such ascertainment shall be made. No question is raised, in this case, that the true amount of spirits which was actually made, or which should have been made, was not returned and correctly ascertained by the assessor. It is admitted, that the spirits actually made did not equal eighty per cent. of the producing capacity. Under these facts, the law itself, and the assessor, determined that the measure of the taxation to be imposed upon the distiller was eighty per cent. of the producing capacity. He had become liable to pay upon the eighty per cent., and might have been liable to pay more, in case he had produced beyond the minimum rate, or if the quantity of grain used for distillation, as ascertained by the assessor, showed a larger production.

3. In an action upon the distiller's bond, an erroneous assessment, which did not include the amount actually due, as prescribed by the statute, is not conclusive against the government. It is claimed by the defendant that the assessor had assessed upon the distiller's return, and had found that $1,496 only was due for barrel tax and per diem tax, which amount was collected by distraint, and that the assessment so made

and paid is final and conclusive, and the government can have no action for the recovery of any tax for the month of March, even though the tax which was collected was for a less sum than might have been assessed under the law. The principles which have been declared in Dollar Sav. Bank v. U. S. 19 Wall. [86 U. S.] 227, and in Clinkenbeard v. U. S., 21 Wall. [88 U. S.] 65, seem to be decisive upon this point. In the former case, it was held that an action of debt would lie to recover an amount due for taxes which had not been assessed. The latter case decided, that, in an action against a distiller, upon his bond, to recover the amount of an assessed tax, the assessment, though not appealed from, was not res adjudicata, and was not conclusive, and that the defendant was not precluded from showing its erroneous character. The government is not suing upon the assessment of the officer, but has resorted to an action of debt, to recover a tax which has never been assessed in accordance with the statute. The assessment which was made is not such a judgment or decree as to bind the government in this collateral proceeding.

Let judgment be entered in favor of the plaintiffs, for $989 80/100, and interest from the date of the amendment of the declaration.