UNITED STATES *v.* BRISTOW and others.[1]

*(Circuit Court, D. Kentucky.* April 1, 1884.)

1. INTERNAL REVENUE.
   Taxes assessed by the commissioner of internal revenue under Rev. St. § 3309, may be sued for under Rev. St. § 3213.

2. SAME—ASSESSMENT.
   The notice provided for in section 3184 is not a condition precedent to an assessment, but must be given before the tax can be distrained for, or penalty charged.

3. SAME—EVIDENCE OF ASSESSMENT.
   The original assessment list signed by the commissioner, and on file in office of collector, is evidence of assessment.

4. SAME—SURVEY—EVIDENCE.
   Original report of survey, and certificate of collector of delivery of one of the triplicate copies to distiller, *held* competent evidence.

At Law. Motion for new trial.

*Geo. M. Thomas* and *Geo. Du Relle,* for plaintiff.

*O. H. Harrison,* for defendants.

BARR, J. The obligation of the distiller's bond is that if the distiller "shall in all respects faithfully comply with all the provisions of law and regulations in relation to the duties and business of distillers of brandy from apples, peaches, or grapes, exclusively, and shall pay all penalties incurred or fines imposed on him for a violation of any of said provisions, then this obligation shall be void; otherwise it shall remain in full force." This was a suit on this bond for the amount assessed for a deficiency in the amount of spirits reported, being less than 80 per centum of the surveyed capacity. The commissioner of internal revenue had the right to make this assessment under section 3309, and did so in this case, as was shown by the original tax-list on the trial. The right to bring suit for taxes is expressly given by section 3213. Section 3184 provides for notice to be given the person liable to pay the tax within 10 days after the collector receives the list of taxes from the commissioner of internal revenue; but this notice is not part of the assessment, nor a condition precedent to an assessment, but is necessary by the terms of the stat-

---

[1] Reported by Geo. Du Relle, Asst. U. S. Atty.

ute be 'ore the tax-payer can be charged with the penalty of 5 per centur t, and 1 per centum interest. This notice is also necessary before tl e collector can distrain for the taxes. See *U. S.* v. *Halloran,* 14 Bla tchf. 1; *Savings Bank* v. *U. S.* 19 Wall. 234; *Clinkinbeard* v. *U. S.* 1 Wall. 65; Cooley, Tax'n, 303.

The obligation of the bond is that the distiller will, "in all respects, faithfu lly comply with all the provisions of law in relation to the duties a d business of distillers of brandy from apples," etc., and the law re juires the distiller shall make at least 80 per cent. of the surveyed capacity of the distillery, and pay tax thereon. The distiller is liab o for this tax when assessed against him by the commissioner of int rnal revenue, although he is not liable for the penalty, nor his prope ty to be distrained for the tax, until the law as to notice is complied ith. The original lists, which were signed by the commissioner of int rnal revenue and by the collector, and which were records in the collec or's office, were good evidence, if not the best, of the assessment. The survey of the distillery which was kept in the collector's office, and the certificate of the collector that a copy had been delivered t distiller, were, I still think, competent evidence.

Mo ion for new trial overruled.