## FOLSOM v. UNITED STATES.

(*Circuit Court, S. D. New York.* July 26, 1884.)

1. INTERNAL REVENUE TAX—LEGACY AND SUCCESSION DUTIES—VESTED INTERESTS.

The estate of a person who, at the time of the passage of the act of congress of June 30, 1864, had already become entitled to and invested with an estate in fee in certain lands, subject to his father's life-estate, does not come within the operation of that act.

2. SAME—RETROACTIVE OPERATION NOT TO BE GIVEN LAW.

A retroactive operation is not to be given by construction so as to subject persons to a tax upon interests they may have acquired years before the act of June 30, 1864, was passed.

On Writ of Error.

*De Forest & Weeks* and *Geo. S. Sedgwick,* for plaintiff in error.

*Elihu Root,* U. S. Atty., and *W. W. Wood,* for defendant in error.

WALLACE, J. I am unable to agree with the construction placed on section 128 of the act of June 30, 1864, in the case of *Brune* v. *Smith,* cited by counsel for the defendant in error. When that act was passed, the plaintiff in error had already become entitled to and invested with an estate in fee in the lands in question, subject to his father's life-estate. The life-estate determined upon the death of the father in 1869, and all the plaintiff in error succeeded to after the act was passed, was the increase of benefit accruing by the extinction of the life-estate. Section 128 was obviously framed to meet just such a case. A retroactive operation is not to be given by construction, so as to subject persons to a tax upon interests they may have acquired years before the law was passed. The language of section 127 defines a succession as an interest in lands to which any person "shall become" beneficially entitled in possession or expectancy, and by section 133 the tax is imposed upon such a succession. When a person has a vested remainder he has become beneficially entitled. It might be maintained, if his interest was contingent and became vested by the death of another after the law was enacted, that he acquired a succession within the meaning of section 127.

The point which was considered by the court below, and which was the only question that the demurrer presented, was whether an assessment was a condition precedent to the right to collect the tax. That question was correctly decided upon the authority of *U. S.* v. *Tilden,* 9 Ben. 368; *U. S.* v. *Halloran,* 14 Blatchf. 1; *U. S.* v. *Erie Ry. Co.* 107 U. S. 1; S. C. 2 Sup. Ct. Rep. 83; *Dollar Savings Bank* v. *U. S.* 19 Wall. 227.

The complaint alleges the clear value of the succession at $353,500. It is conceded by the United States attorney that this sum represents the value of the whole estate of the defendant, and not the increase of benefit accruing by reason of the extinction of the father's life-estate.

The defendant should have an opportunity to answer and reduce the recovery claimed.

It is ordered that the case be remanded to the district court, with directions to affirm the judgment, with costs, unless the defendant pays the costs of the demurrer and writ of error, withdraws the demurrer, and answers within 30 days.