UNITED STATES *v.* MARQUETTE, H. & O. R. Co.

*Circuit Court, W. D. Michigan, N. D.*   July 23, 1883.)

1. RAILROADS—TAXATION OF UNDIVIDED PROFITS—ACT OF 1866—ACT OF JULY 14, 1870.

The undivided profits of a railroad corporation in 1871, carried to an account in the books of the company, known as "unexpended earnings," and used for construction, are liable to taxation under the act of congress amending the act of 1866, passed July 14, 1870, which provides that there "shall be collected for and during the year 1871 a tax of two and one-half per centum * * * on all undivided profits of such corporation which shall have accrued and been earned and added to any surplus, contingent, or other fund."

2. SAME—INTENT OF ACT OF 1870.

The statute of 1870 was intended to reduce the tax on profits from five to two and one-half per cent., but was not intended to remove from such reduced tax any part of the profits.

3. SAME—FAILURE TO MAKE RETURNS—LAPSE OF TIME.

As it was made the duty of the railroad company, under the acts of 1866 and 1870, to make returns to the proper internal revenue officer of the amount of income, profits, and taxes, when no returns have been made by the company, a failure on the part of the United States to demand such tax, or to institute proceedings to recover the same until 1881, cannot constitute a bar to an action to recover such tax when it does not appear that the delay has prejudiced the company by the disappearance or loss of evidence essential to its defense.

4. SAME—SHORTENING TRACK—IMPROVEMENTS—CONSTRUCTION.

The amount expended by the railroad company in this case for a piece of new line for the purpose of shortening its tracks properly belonged with expenditures for improvements, and having been paid from the earnings, the amount so expended should be deducted from the amount subject to the tax.

Action of Debt.

*John W. Stone,* for the United States.

*W. P. Healey* and *J. L. Stackpole,* for the defendant.

WITHEY, J.   The question in this case is whether a railroad company, in 1871, was required to pay an income tax on its undivided profits used for construction.   In that year the Marquette & Ontonagon Railroad Company owned and operated a road in the upper peninsula of Michigan.   In 1872 the road was sold and reorganized

with another road under the name of Marquette, Houghton & Ontonagon Railroad Company. By the state laws the new is liable for the debts of the former company. The gross receipts of the company, in 1871, were $578,565.93. It paid for operation expenses, repairs, incidental expenses, interest, and dividend, $417,121.06. There remained $161,444.87, were also expended during the year, together with $231,658.54, for the following purposes:

| | | |
|---|---|---:|
| For a piece of new line, shortening the old line, and improving the grade, | - - - - - - - | $ 58,706 57 |
| For Republic branch road, | - - - - - | 28,537 05 |
| " piers and water front, | - - - - - | 128,449 46 |
| " miscellaneous, | - - - - - | 66,042 66 |
| " equipment, | - - - - - | 111,367 67 |
| | | $393,103 41 |

The United States claims a tax of 2½ per cent. upon the balance of the earnings before mentioned—$161,444.87—as undivided profits of the company for the year 1871. The company paid the tax on the divided earnings. The railroad company contends that the undivided profits used, during the year they were earned, for construction were not subject to tax by the act of July 14, 1870, which controlled as to 1871 profits. The question arises from a change made in 1870 in the language of the provision of the act of 1866 imposing an internal revenue tax on the profits of railroad and some other corporations. The substance of the provision in the act of 1866 is this:

"Any railroad company * * * that may have declared any dividend * * * as part of the earnings, profits, income, or gains of such company, and all profits of such company *carried to the account of any fund, or used for construction,* shall be subject to and pay a duty of 5 per centum on the amount of all such * * * dividend or profits." 14 St. at Large, p. 139, § 9; re-enacting section 122, act of 1864, (13 St. at Large,) p. 284.

The act of 1870, entitled "An act to reduce taxes, and for other purposes," wholly does away with such income tax after the year 1871, and reduces the tax for that year from 5 to 2½ per cent. The provision in question reads as follows:

"There shall be levied and collected for and during the year 1871 a tax of two and one-half per centum on the amount of * * * all dividends of earnings, income, or gains hereafter declared by any * * * railroad company, * * * *and on all undivided profits of any such corporation which have accrued and been earned and added to any surplus, contingent, or other fund.*" 16 St. at Large, p. 260, § 15.

Both acts required returns to be made to the proper internal revenue officer of the amount of income, profits, and taxes aforesaid, and impose a penalty for neglect to make such returns. Without the proper return of income the officers of the government would not know whether there were profits other than such as were divided on which the tax was paid. And yet defendant claims that, by

not demanding the tax now sought to be recovered, the government must have construed the change in the tax provision as exempting undivided profits used for construction from the tax of $2\frac{1}{2}$ per cent. That the internal revenue commissioner did not require the tax to be paid till 1881, is urged as evidence of a change in the views of that office as to defendant's liability. But there is no evidence that it was known to the officers of the revenue that there were undivided profits in 1871, or that the fact was known to them until about the time this suit was brought, in August, 1881, which is a sufficient reply to the claim that in 1871 the government officers recognized the construction now contended for by defendant. This view leaves section 15 of the act of 1870 open to such construction as it ought to receive, considered in connection with the corresponding provision in the act of 1866, without its being said that any department of the government has acquiesced for 10 years in such construction of the law as contended for by the defendant. Both the provisions in 1866 and 1870 relate to and embrace profits not divided. That of 1866 is: "All profits carried to the account of any fund, or used for construction." In 1870, as recast, it reads: "All undivided profits added to any surplus, contingent, or other fund."

If the words "or used for construction" had been omitted from the clause in the act of 1866, would the scope of the provision be materially, or at all, different? Undivided profits are carried or added to construction fund as a matter of book-keeping, and, in fact, whenever they are used for construction. Do not and should not railroad companies transfer net earnings used for construction to construction fund accounts? If, as a matter of book-keeping, such is not only the proper but the usual practice, then it would not seem to affect the meaning and scope of the provision if the words "or used for construction" were omitted altogether from the act of 1866, for the congress of the United States will be presumed to have employed the language with reference to the known usage and proper practice in such cases. This view narrows the question to whether the undivided profits in question were "added" to "any fund." It is in proof, and is conceded by defendant's counsel, that these undivided profits of 1871 were carried to an account called "expended earnings," and that they were used for construction. Then it is manifest that the expended earnings account represented construction account, or construction fund, and when such undivided profits were carried to such account they were "added to a fund." In book-keeping, and within the meaning of the act of 1870, net earnings or undivided profits are added to a particular fund by proper transfer entries in the books of account. But the object of the statute is not defeated if profits used for construction are not carried into the proper account on the books; for within the meaning of the statute, and according to common understanding and experience, they must be considered as added to con-

struction fund, if they are used for construction. It is incorrect to say, in relation to this statute of 1870, that undivided profits cannot be added to a fund unless there remains in the particular fund a balance to be added to; for if undivided profits are carried in the books of account to surplus, contingent, or other fund account overdrawn, they are considered added to the fund which that account represents as much as though it was not overdrawn. In short, the provision of the statute of 1870 was intended to reduce the tax on profits from 5 to $2\frac{1}{2}$ per cent., but was not intended to remove from such reduced tax any part of the profits.

The further contention is that the claim of the government is barred by time. Congress has not seen fit to enact a statute limiting the time within which the United States shall bring suit, in a case like the present one, and it does not appear that the defendant has been prejudiced by such delay as has occurred after allowing reasonable time to bring suit. In a case where commencement of suit by the United States is delayed many years, and the delay has prejudiced a defendant by the disappearance or loss of evidence essential to his defense, courts ought to apply a rule that will protect individual rights by giving repose and security to the citizen against stale claims; but such is not this case. The item of $58,706.57, expended by the railroad company for a piece of new line of road, for the purpose of shortening its track and reducing the grade of its road, properly belongs with expenditures for improvements, and, having been paid from earnings, reduces the undivided profits to $102,738.30. The court finds that this last sum was subject to a tax, by the law of 1870, as undivided profits, and that defendant is indebted to the plaintiff for a tax of $2\frac{1}{2}$ per centum thereof, being a tax of $2,568.46, and also for interest from the time of the commencement of the suit, two years and one month, $374.56.

Judgment will be entered accordingly in favor of the plaintiff, and against the defendant, for $2,943.02, and for costs of suit, to be taxed, with interest on the judgment from this date.

---

Under act of June 30, 1864, c. 173, § 122, as amended by Act of July 13, 1866, c. 184, the earnings of a railroad, used to pay interest or dividends, are taxable, whether actual profits or not; but earnings used for construction, or carried to the account of a fund, are not so taxed, unless they represent the profits of the company as a whole.

The law intended an annual statement of accounts, and when, in such statements, it appeared that a part of the excess of gains over losses had been used for construction, or added to some fund, a tax was to be paid on what had been so used or appropriated. *Little Miami & C. & X. R. Co. v. U. S.* 2 Sup. Ct. Rep. 627.—[ED.