## UNITED STATES v. GRAND RAPIDS & I. RY. CO.

(District Court, W. D. Michigan, S. D.   February 25, 1915.)

1. INTERNAL REVENUE ⬤⟺28—EXCISE TAXES—LIMITATION.

The three-year clause in the Excise Law of 1909 (Act Aug. 5, 1909, c. 6, § 38, subd. 5, 36 Stat. 112 [Comp. St. 1913, § 6304]), imposing a special tax on corporations, is not a limitation on the right of the government to sue for unpaid taxes, but at most is a limitation on the collecting officers to make an assessment to enforce payment by summary proceedings.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ⬤⟺28.]

2. INTERNAL REVENUE ⬤⟺28—CORPORATIONS—LIABILITY FOR TAXES.

In the collection of taxes imposed on corporations by the Excise Law of 1909, the government is not confined to the summary proceedings therein, but may resort to a plenary suit.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ⬤⟺28.]

3. INTERNAL REVENUE ⬤⟺28—CORPORATIONS—COLLECTION OF TAXES.

Where a tax of a fixed percentage like the one imposed by Excise Law of 1909 on corporations is so definitely described in the statute that its

---

⬤⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amount or value can be ascertained and determined on evidence by a court, a suit therefor will lie without assessment. ·

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ☞28.]

At Law. Action by the United States against the Grand Rapids & Indiana Railway Company. Demurrer to declaration overruled.

Myron H. Walker, U. S. Dist. Atty., of Grand Rapids, Mich.

James H. Campbell, of Grand Rapids, Mich., for defendant.

SESSIONS, District Judge. A careful study and analysis of the statute here involved and an examination and consideration of the applicable and controlling authorities lead to the following 'conclusions:

[1] 1. The three-year clause of the fifth subdivision of section 38 of the 1909 Excise Law is not a limitation upon the right of the government to sue for unpaid taxes, but, at most, is a limitation upon the right of the collecting officers to make assessment and to enforce payment by the summary statutory proceedings.

[2] 2. In the collection of the taxes imposed by the statute, the government is not confined to the summary proceedings therein provided, but may resort to a plenary suit.

[3] 3. "Where a tax of a fixed percentage (like the one here sought · to be recovered) is imposed by the statute on a subject or object which is so definitely described in the statute that its amount or value, on which the fixed per centum is to be calculated, can be ascertained and determined, on evidence, by a court, a suit for the tax will lie, without an assessment." United States v. Tilden, 28 Fed. Cas. 161, No. 16,519; United States v. Hazard, 26 Fed. Cas. 251, No. 15,337; Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; United States v. Chamberlin, 219 U. S. 250–264, 31 Sup. Ct. 155, 55 L. Ed. 204; King v. United States, 99 U. S. 229, 25 L. Ed. 373; United States v. Reading R. R., 123 U. S. 113, 8 Sup. Ct. 77, 31 L. Ed. 138; United States v. Cobb (C. C.) 11 Fed. 76; United States v. M. H. & O. R. Co. (C. C.) 17 Fed. 719; 22 Cyc. 1670, and cases there cited; Eliot Nat. Bank v. Gill (D. C.) 210 Fed. 933, affirmed by Circuit Court of Appeals of First Circuit (December 21, 1914), 218 Fed. 600, 134 C. C. A. 358.

The demurrer will be overruled, and the defendant will be given 15 days within which to plead to the declaration.