**UNITED STATES of America,
Counter-Plaintiff,**

v.

**NATIONAL ACCEPTANCE COMPANY
OF AMERICA, Third-Party Defendant.**

**Civ. No. 82–74822.**

United States District Court,
E.D. Michigan, S.D.

March 14, 1985.

---

**1352**

Ellen Carpenter, Trial Atty., Tax Division, U.S. Dep't of Justice, Washington, D.C., for counter-plaintiff.

Tom Radom, Southfield, Mich., Richard Rossman, Bloomfield Hills, Mich., for third-party defendant.

### MEMORANDUM AND ORDER *

COHN, District Judge.

"The twentieth-century emphasis is on coming to a specific focus on a given statute on its full-dimensioned particularity of policy, rather than emphasizing material or values not immediately connected to that enactment. Courts now seem usually to strive to grasp the distinctive message of statutory words, taken in their own context, with reference to the documented process that produced that particular act, including legislative history deserving credibility, and policy guides supplied by the legislature's successive development of the given policy area and related areas."

J.W. Hurst, *Dealing With Statutes* 65 (1982).

### I.

This is a tax collection case. The government, in its cross-complaint, alleges National Acceptance Company of America (NAC) is liable to it under § 3505(b) of the Internal Revenue Code (the Code), 26 U.S.C. § 3505(b), as a lender who supplied funds to Glass Screen Manufacturing, Inc. (Glass Screen) for the specific purpose of paying the wages of Glass Screen employees with actual notice or knowledge within the meaning of § 6323(i) of the Code that Glass Screen did not intend or would not be able to make timely payment of its employees' withholding tax. NAC, having been given leave to amend its affirmative defenses, has moved for summary judgment on the grounds that it did not receive timely notice of the assessment of the defaulted withholding taxes against Glass Screen under

* This is an edited version of the Court's bench memorandum of February 25, 1985.

§ 6303(a) of the Code and therefore is not liable, citing *United States v. Associates Commercial Corp.*, 721 F.2d 1094 (7th Cir. 1983).

## II.

■ I am not persuaded that § 3505(b) liability is dependent on receiving § 6303(a) notice. Section 3505(b) provides for personal liability in a sum equal to the taxes not paid with a limitation on such liability to an amount equal to twenty-five percent of the amount supplied. Section 6303(a) relates to notice to persons liable for unpaid taxes reflected in the assessment of such taxes. NAC under the circumstances alleged is not a person liable for the unpaid taxes. Moreover, there is nothing in the text of the Federal Tax Lien Act of 1966, Pub.L. No. 89–719, 80 Stat. 1125[1] or its legislative history[2] to suggest that Congress intended to make lender's liability conditioned on the giving of notice under § 6303(a).

■ It has long been established that no prior notice is required to impose common law debt liability on the part of one liable to the United States for taxes due. See *Dallas Savings Bank v. United States*, 19 Wall. 227, 239–240, 86 U.S. 227, 239–240, 22 L.Ed. 80 (1874) and *United States v. Ayer*, 12 F.2d 194, 200 (1st Cir.1926) and, more importantly, *United States v. Nashville C. & St. L. Ry.*, 249 F. 678, 681–684 (6th Cir.1918). In that case, the Sixth Circuit said:

"It is the general rule, applicable, not only to customs duties, but to internal revenue taxes, that a common-law action

of debt lies in favor of the government whenever, by accident, mistake, or fraud, no duties or short duties have been paid; and thus that the government may recover a personal judgment for a tax, either in a sum certain or when readily reducible to certainty, whenever there exists a duty to pay, provided always another remedy has not been made exclusive."

*Id.* at 681 (citations omitted). Indeed the Code expressly recognizes this right. See § 6501(a).

As explained by the government in its Brief in Opposition, either the Code requires notice as a condition precedent to suit or it does not require such notice. Questions of fairness, difficulty of collection, and the like are simply irrelevant except to the extent they may bear on Congressional intent. I am satisfied that the Seventh Circuit and the district courts which have followed its decision in *Associates Commercial Corp., supra*, were simply wrong.

## III.

■ The Sixth Circuit, in *Farmers-Peoples Bank v. United States*, 477 F.2d 752, 756 (6th Cir.1973), in holding that a lender in a case under § 3505(b) was entitled to a jury trial and that an action of this kind is intended only to impose personal liability, described three essential elements to such an action:

First, the lender must have loaned money to the employer with the knowledge that the money was going to be specially used to meet payroll.

---

1. Section 3505(b) was added to the Code by Sect. 105(a) of the Federal Tax Lien Act of 1966. Section (b) of that Act amended the Miller Act, 40 U.S.C. 270a, by requiring performance bonds for public building contracts to provide coverage for unpaid withholding taxes reflected in a contractor's tax return, and by requiring the United States to give notice to the surety of such unpaid taxes within 180 days of the filing of the return, and by imposing a 1 year statute of limitations following the date of the notice on the filing of suit.

2. See 1966 U.S.Code Cong. and Ad.News 3722 which sets out S.Rep. (Finance Committee) No.

1708, Oct. 11, 1966. In explaining the reason for imposing liability on lenders, the Senate Report states at 3743:

"Third parties who specifically finance payrolls, although not paying employees directly, also are often in a position similar to that of employers. This appears to be true in those cases where they have actual notice or knowledge that the employers do not intend to or are unable to, pay the amount of withholding taxes due the Government. Therefore, in these cases also it would appear practical for these third parties to account for the withholding taxes to the Government."

Second, the employer must have failed to pay payroll taxes for the applicable quarter and such taxes must still be due.

Third, the lender must have had actual notice or knowledge that the employer neither intended nor was able to pay its payroll taxes.

 As I read § 3505(b) and its legislative history, to require more would defeat Congress' intent in enacting it. NAC's seventh amendment right to a jury trial is certainly all the protection it needs against any overbearing conduct on the part of the government.

The motion for summary judgment is DENIED.

SO ORDERED.